FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 NOV -5 PM 1:41

U.S. DISTRICT COURT
N.D. OF ALABAMA

GARY L. ARCHER,                }
                               }
    Plaintiff,                 }
                               }   CIVIL ACTION NO.
vs.                            }
                               }   CV-97-AR-0678-S
PROGRAMMED MATHEMATICS, INC.,  }
                               }
    Defendant.                 }

ENTERED

NOV 5 1997

### MEMORANDUM OPINION

The court has before it the motion of plaintiff, Gary L. Archer ("Archer"), for an award of attorney's fees against defaulting defendant, Programmed Mathematics, Inc. Archer makes said motion pursuant to Fed.R.Civ.P. 54(d). Regretfully, the court must conclude that Archer's motion comes too late.

In pertinent part, Fed.R.Civ.P. 54(d)(2)(B) provides that "[u]nless otherwise provided by statute or order of the court, the motion [for award of attorney's fees] must be filed and served no later than 14 days after entry of judgment. . . ." (Emphasis supplied). Given that the court entered its final judgment on October 15, 1997, Archer had until October 29, 1997, to file his motion for attorney's fees. Nowhere does the court find a right to file a motion for attorney's fees beyond this absolute 14-day deadline. The court was not asked to enter, and it did not enter, an order granting Archer an extension. Archer

did not file his motion for attorney's fees until November 3, 1997. He offers no explanation for his failure to file his motion within the specified deadline. However, even if Archer had done so in a way to demonstrate excusable neglect, the court doubts that it has the power to extend the 14-day deadline *post hoc*.

As noted, the court regrets having to reach this conclusion. However, plaintiff's action, or, perhaps more accurately, his failure to take action within the prescribed time frame, leaves the court with no other alternative. The rules of procedure are on equal footing with the substantive rules of law. This court can no more waive the procedural rules as against a defaulting defendant as it can the substantive law.

A separate and appropriate order will be entered.

DONE this 5th day of November, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

2